JS - 6
LINK: 1, 8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8203 GAF (SSx) | Date | November 22, 2010 |
|---|---|---|---|
| Title | Wescom Credit Union v. Arthur S. Dudley et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**         (In Chambers)

## ORDER REMANDING CASE

### I. INTRODUCTION

　　Plaintiff Wescom Credit Union fka Wescom Central Credit Union ("Wescom") gained title to certain real property pursuant to a Trustee's Sale on May 12, 2010.  (Not., Attachment [Complaint for Unlawful Detainer] ¶¶ 3–4.)  On June 5, 2010, Wescom served written notice on Defendants Arthur and Katherine Dudley (collectively, "the Dudleys") and all others in possession, demanding that they vacate and deliver possession of the property within ninety days.  (Id. ¶ 10.)  After expiration of the ninety-day period, Wescom filed an unlawful detainer suit against the Dudleys and anyone else in possession of the property in Los Angeles County Superior Court.  (Id. ¶¶ 10, 13–15.)  The Dudleys never appeared in that action and defaulted.  (Not. ¶ 4.)  However, Ken Kreisel ("Kreisel"), the Dudleys' renter, intervened in the suit.  (Not. ¶¶ 2, 8.)  In the meantime, Kreisel filed a separate suit against Wescom in this Court alleging that Wescom violated the federal Protecting Tenants at Foreclosure Act ("PTFA") by serving the ninety-day notice to quit without having a buyer ready to occupy the premises as their primary residence.  (Ken Kreisel v. Wescon Credit Union et al,  No. CV 10-8192 GAF (SSx), Docket No. 1, Compl. ¶¶ 1, 5.)  After filing that suit in this Court, Kreisel filed a notice of removal of this unlawful detainer action, alleging that the Court has supplemental jurisdiction over it under 28 U.S.C. § 1367(a) by virtue of the related case asserting the PTFA claim.

　　On November 16, 2010, Wescom filed an ex parte application to remand this case to state court.  (Docket No. 8.)  On November 18, Kreisel filed an opposition arguing that this case

JS - 6
LINK: 1, 8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8203 GAF (SSx) | Date | November 22, 2010 |
|---|---|---|---|
| Title | Wescom Credit Union v. Arthur S. Dudley et al | | |

presents a federal question because the PTFA has preempted state unlawful detainer laws and converted them into federal actions.  (Docket No. 9.)

The Court concludes that it lacks subject matter jurisdiction over this case and accordingly **REMANDS** it to the Los Angeles County Superior Court.

## II.  DISCUSSION

### A.  EX PARTE APPLICATION

In general, the Court will not grant ex parte relief unless "the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures" and "the moving party is without fault in creating the crisis that requires ex parte relief, or . . . the crisis occurred as a result of excusable neglect."  Mission Power Engineering Co. v. Cont'l Gas Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995).  Here, however, the Court need not determine whether Wescom has met the standard for ex parte relief because the Court can, and in the ordinary course would, remand a case to state court where it lacks subject matter jurisdiction.  See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 966 (9th Cir. 2004) ("Here the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not.").

### B.  STANDARD FOR REMOVAL UNDER 28 U.S.C. § 1441

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  Furthermore, "jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Id.  Removal is proper only if the Court could have exercised jurisdiction over the action had it originally been filed in federal court.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).

### C.  APPLICATION

Kreisel contends that this Court has subject matter jurisdiction over the removed case for two reasons: (1) the case presents a federal question under the PTFA, and (2) the Court has supplemental jurisdiction over the case by virtue of the related action presenting a federal

JS - 6
LINK: 1, 8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8203 GAF (SSx) | Date | November 22, 2010 |
|---|---|---|---|
| Title | Wescom Credit Union v. Arthur S. Dudley et al | | |

question.  The Court addresses in turn each claimed basis for subject matter jurisdiction.

### 1. FEDERAL QUESTION

The "presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented *on the face of the plaintiff's properly pleaded complaint.*"  Id. (emphasis added).  A federal defense or counter-claim does not give rise to federal-question jurisdiction. Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 14 (1983).  Where state law creates a cause of action, a case may still arise under federal law if "the right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties."  Franchise Tax Bd., 463 U.S. at 13.  However, the "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction."  Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 813 (1986).

Wescom's complaint states a single claim for unlawful detainer under California law.  An unlawful detainer action does not arise under federal law.  See Indymac Federal Bank, F.S.B. v. Ocampo, No. 09-2337, 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (finding no subject matter jurisdiction where complaint stated only an unlawful detainer claim).  Kreisel, however, contends that the Protecting Tenants at Foreclosure Act, P.L. No. 111-22 (2009), converts the unlawful detainer claim into a claim under federal law because it places limits on when an owner can evict the tenant of a landlord whose property has been foreclosed.  (Opp. at 2–3.)

First, Kreisel contends that Wescom's right to relief depends on the resolution of a "substantial question of federal law."  (Opp. at 2.)  The Court disagrees.  The PTFA's requirements are straightforward, and the mere presence of a federal issue does not confer federal-question jurisdiction.  Merrell Dow, 478 U.S. at 813.  The PTFA's provisions requiring that notice be given ninety days in advance and preventing termination of a bona fide lease unless a purchaser will occupy the unit as a primary residence, see P.L. No. 111-22 § 702(a)(2)(A), offer Kreisel a federal defense to an unlawful detainer action where the plaintiff fails to comply with these requirements.  A federal defense, however, does not support federal-question jurisdiction.  Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005).

Second, Kreisel contends that the PTFA preempts state-law unlawful detainer actions and replaces them with a cause of action under the PTFA.  He is incorrect.  The PTFA creates no cause of action allowing for evictions, either explicitly or implicitly.

JS - 6
LINK: 1, 8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8203 GAF (SSx) | Date | November 22, 2010 |
|---|---|---|---|
| Title | Wescom Credit Union v. Arthur S. Dudley et al | | |

**2. SUPPLEMENTAL JURISDICTION**

Kreisel also contends that this Court has supplemental jurisdiction over this unlawful detainer action under 28 U.S.C. § 1367(a) because it has subject-matter jurisdiction over the related action before this Court, Ken Kreisel v. Wescon Credit Union et al, No. CV 10-8192 GAF (SSx). (Not. ¶ 6.) Under § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). This statute does not authorize supplemental jurisdiction over free-standing state law claims that are related to a separate action over which the court has jurisdiction. See Fabricius v. Freeman, 466 F.2d 689, 693 (7th Cir. 1972) ("That a related case was pending in federal court was not in itself sufficient grounds for removal under 28 U.S.C. § 1441."); accord Chase v. Auerbach, No. 94-5892, 1994 WL 590588, *1–2 (E.D. Pa., Oct. 26, 1994). Thus, even if this Court has jurisdiction over the related action, that does not support the exercise of supplemental jurisdiction over this case.

### III.  CONCLUSION

For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction over this case. The Court therefore **REMANDS** this action to Los Angeles County Superior Court.

**IT IS SO ORDERED.**